CLD-262                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2740
_____

DAVID DELAROSA,
                                    Appellant

v.

H.L. HUFFORD, WARDEN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 4-11-cv-00996)
District Judge:  Honorable Malcolm Muir

_____

Submitted for Possible  Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
August 11, 2011
Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 30, 2011)
_____

OPINION
_____

PER CURIAM

David Delarosa, a federal prisoner proceeding <u>pro</u> <u>se</u>, appeals an order of the

United States District Court for the Middle District of Pennsylvania dismissing his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons that

follow, we will affirm the judgment of the District Court.

In 2005, Delarosa pleaded guilty in the United States District Court for the Southern District of New York to conspiracy to distribute and possession with intent to distribute one kilogram of heroin. He was sentenced to 188 months in prison. Delarosa did not file a direct appeal.

In 2011, Delarosa filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania claiming that he is confined in violation of his due process rights. Delarosa asserted that the Department of Justice had declared that he does not have a criminal record. He relied on a letter from the Federal Bureau of Investigation, which provides that the Criminal Justice Information Services Division had completed a fingerprint submission for him with the result "NO ARREST RECORD – FBI." Habeas petition, Ex. A.

The District Court dismissed the habeas petition without prejudice to any right Delarosa may have to file a petition for a writ of habeas corpus challenging his conviction in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 2255. This appeal followed.

As recognized by the District Court, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective because the petitioner is unable to meet § 2255's gatekeeping requirements. Cradle v. United

2

States, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam). Rather, a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538.

Delarosa has not made such a showing. Delarosa contends that he is not challenging his conviction because, according to the letter he received, he has no conviction. Delarosa, however, does not dispute that he is currently confined as a result of a 2005 conviction in federal court for drug-related offenses. His habeas petition seeks to call into question the existence and/or validity of that conviction. As such, Delarosa must seek relief pursuant to § 2255.[1]

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.

---

[1]We found a § 2255 motion inadequate or ineffective in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), and allowed a petitioner to raise in a § 2241 habeas petition a claim under Bailey v. United States, 516 U.S. 137 (1995), because the petitioner had no earlier opportunity to challenge his conviction for a crime that Bailey may have negated. This case does not present such a situation.